

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2004

# Valdez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2167

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Valdez v. Atty Gen USA" (2004). *2004 Decisions.* Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2167
_____

GABRIEL VALDEZ

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
and BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES
(BCIS) DISTRICT DIRECTOR

Respondents.

_____

On Petition for Review from the Board
of Immigration Appeals
U.S. Department of Justice
(BIA No. A75-873-257)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2004

_____

Before: ROTH, BARRY, and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: October 21, 2004)
_____

OPINION
_____

Garth, <u>Circuit</u> <u>Judge</u>:

Gabriel Valdez petitions for review of an order of the Board of Immigration Appeals ("BIA"). That order affirmed, without opinion, the decision of the Immigration Judge ("IJ"), which had denied Valdez's request for a continuance to allow for final adjudication of his I-360 petition and which had granted voluntary departure to the Dominican Republic. For the reasons given below, we will dismiss the Petition as moot.

**I.**

Because we write exclusively for the benefit of the parties who are well acquainted with the facts and procedural posture of the present action, we will recount only those matters relevant to the issues before us. Valdez, a native and citizen of the Dominican Republic, entered the United States in December 1993 on a B1/B2 visa. On November 18, 1994, Valdez married a United States citizen, Ms. Juana Ortiz. Ms. Ortiz filed an I-130 immediate relative petition on Valdez's behalf, which she subsequently withdrew, claiming that her marriage to Valdez was not a "bona fide marital relationship." As a result, Valdez's I-130 petition was never granted.

On November 27, 1998, the INS filed a Notice to Appear, charging Valdez with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien in the United States who had not been admitted or paroled. At the May 4, 2000 merits hearing before the IJ, Valdez conceded removability, but sought an adjustment of his status pursuant to an I-360 petition (entitled "Petition for Amerasian, Widow, or Special Immigrant") and voluntary

removal. Valdez had previously filed the I-360 petition in June 1999, and the petition was subsequently denied on April 10, 2000. He thus requested a continuance from the IJ to pursue an appeal of the I-360 denial to the Administrative Appeals Unit ("AAU"). On May 4, 2000, the IJ denied the request for a continuance, found Valdez removable as charged and granted his request for voluntary removal. On March 26, 2003, the BIA affirmed, without opinion, the IJ's decision.

On April 24, 2003, Valdez filed a timely appeal with this court pursuant to 8 U.S.C. § 1252(a). Thereafter, the AAU denied Valdez's appeal of his I-360 petition.

**II.**

The brief of the government argues that Valdez's Petition is moot, stating that inasmuch as it is predicated upon the denial of his request for a continuance to pursue an appeal of his I-360 petition, which has since been decided by the AAU, there is no relief this court can grant. We agree.

The Constitution limits this court's jurisdiction to the adjudication of actual cases and controversies. U.S. CONST. art. III, § 2; *DeFunis v. Odegaard*, 416 U.S. 312, 315-16 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001). That is, "[i]f developments occur during the course of adjudication that eliminate

a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). This requirement that a case or controversy be "actual [and] ongoing" extends throughout all stages of federal judicial proceedings, including appellate review. *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir.2001); *see also New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985).

Here, as we have indicated, prior to our review there has been final adjudication of Valdez's I-360 petition by the AAU, thereby divesting this court of the ability to grant effective relief. We must therefore dismiss this Petition for want of jurisdiction.[1]

---

[1]In light of our holding that Valdez's Petition is moot, we need not reach the merits of the other issues raised by Valdez in his brief, including his complaint that the BIA violated his due process rights by affirming the IJ's decision without opinion. *See Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc) (upholding the constitutionality of the BIA's summary affirmance procedure).